(63 South. 507.)

No. 19,483.

Succession of DERIGNY.

(Nov. 3, 1913. Rehearing Denied Dec. 1, 1913.)

*(Syllabus by the Court.)*

1. COSTS (§ 247*)—PERSONS LIABLE.

"If the judgment be reversed, in whatever degree it may be, the appellee shall pay the costs" of the Supreme Court. Article 908, Code Prac.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 951, 953, 955, 957, 958, 960; Dec. Dig. § 247.*]

2. COSTS (§ 247*)—PERSONS LIABLE.

In the district court, where it has not been formally decreed that the party cast shall pay the costs, they shall be taxed against him on execution of the judgment. Article 551, Code Prac.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 951, 953, 955, 957, 958, 960; Dec. Dig. § 247.*]

3. COSTS (§ 247*)—PERSONS LIABLE.

Where the judgment of the district court dismisses plaintiff's suit, on exceptions filed by the defendant, and that judgment is reversed by the Supreme Court, the costs of appeal and the costs of the district court on the trial of the exceptions must be paid by the party who was cast, and they will be taxed against him on execution of the judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 951, 953, 955, 957, 958, 960; Dec. Dig. § 247.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Succession of Albert Derigny. On rule to pay costs. Rule dismissed.

See, also, 63 South. 56, ante, p. 381.

Theodore Cotonio, of New Orleans, for appellant. Chas. I. Denechaud, of New Orleans, for appellee.

SOMMERVILLE, J. In the judgment and decree herein rendered, reversing the judgment appealed from, and remanding the case to be proceeded with according to law, nothing was said as to who should pay the costs. We did not exercise the equitable discretion vested in us by section 2 of Act No. 229 of 1910, and direct that the costs should be paid by either party to the suit. The positive law relative thereto must therefore be enforced.

The appellant, alleging that she has applied to the district court to have the costs taxed against the appellee, and that the district judge has refused to do so, before the final termination of the suit, now asks that appellee be required to show cause why he should not pay the costs of appeal and those of the district court (on the trial of the exceptions which were overruled by the judgment of this court).

The appellant answers and contends that the judgment is final between the parties; and that, as it was silent on the matter of costs, this court is without power to add to or alter that judgment.

[1] It is unnecessary to add to or alter the judgment of this court. The judgment of

the district court dismissing plaintiff's suit has been reversed, and the law is:

"If the judgment be reversed in whatever degree it may be, the appellee shall pay the costs." C. P. art. 908.

The appellee must pay the costs of the appeal at the proper time.

[2] The law is quite as clear with reference to costs of the district court. Article 551, C. P., governs. It is: In the district court, where it has not been formally decreed that the party cast shall pay the costs, they shall be taxed against him on execution of the judgment.

[3] The costs of this court and those of the district court, on the trial of the exceptions finally disposed of, must be taxed to and paid by the appellee on execution of the final judgment in the case.

The judgment of the district court dismissing, as in case of nonsuit, the rule of plaintiff, the appellant, to tax costs against defendant, the appellee, at this time, before the judgment in the cause is executory, with reservation to plaintiff to renew same on the determination of the suit, is correct.

Rule dismissed, at cost of mover.